UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:26-cv-20181-CMA

SHELLIAN CLARKE,
DONOVAN CLARKE

    Plaintiffs,

vs.

CARNIVAL CORPORATION,

    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

COME NOW, Defendant, CARNIVAL CORPORATION ("Carnival"), by and through its undersigned counsel, and pursuant to Rule 12(b), of the Federal Rules of Civil Procedure, moves to dismiss Plaintiffs' Complaint (ECF No. 1), and in support thereof, states as follows:

**Background**

This is a maritime, personal injury action wherein Plaintiffs, SHELLIAN CLARKE and DONOVAN CLARKE ("Plaintiffs"), allege that they sustained injuries on July10, 2025, while being transported to the Carnival *Magic* aboard a tender vessel. (ECF No. 1), ¶9. Plaintiffs filed a Complaint each asserting claims against Carnival for Negligence (Counts I and III), and for Vicarious Liability/Respondeat Superior (Counts II and IV). Defendant moves to dismiss the Complaint in its entirety for failure to state a claim for which relief can be granted and because it is a shotgun pleading.

## Memorandum of Law

**I. Standard for a Motion to Dismiss**

"A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937 (2000). The allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Although detailed factual allegations are not required, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of the cause of action" will not do. *Id.* at 1949. A complaint's factual allegations must be enough to raise a right to belief above the speculative level. *Id.; see Oxford Asset Mgmt., Ltd. v. Jaharis,* 297 F. 3d 1182, 1188 (11th Cir. 2002) ("conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (citations omitted). Where plaintiffs have "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly,* 550 U.S. at 570.

**II. This Action is Governed by U.S. Maritime Law**

Incidents occurring on navigable waters and/or bearing a significant relationship to traditional maritime activities are governed by general maritime law. *See Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959); *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984). It is well-settled that the law governing passenger suits against cruise lines is the general maritime law. *See e.g.,* Schoenbaum, Thomas J., *Admiralty and*

*Maritime Law* §3-5 (4th Ed. 2004); *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318 (11th Cir. 1989). Here, Plaintiff alleges an injury occurring on a cruise ship in navigable waters, and thus general maritime law applies. (ECF No. 1), ¶4. Further, Plaintiffs brought their Complaint exclusively under this court's admiralty subject matter jurisdiction pursuant to 28 U.S.C. § 1333. *Id*. at ¶5.

**III.    Counts I and III of Plaintiffs' Complaint Must Be Dismissed for Failure to State a Cause of Action for Negligence and as a Shotgun Pleading.**

Counts I and III of Plaintiffs' Complaint should be dismissed in their entirety because Plaintiffs fail to allege sufficient facts, which, if taken as true, would establish a right to relief. To state a claim for maritime negligence, a plaintiff must allege facts showing that: 1) the defendant had a duty to protect plaintiff from an injury; 2) the defendant breached that duty; 3) the breach proximately caused the plaintiff's injury; and 4) the plaintiff suffered harm as a result. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012).

In *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015), the Eleventh Circuit identified four types of shotgun pleadings, connected by their failure to provide defendants with "adequate notice of the claims against them and the grounds upon which each claim rests." "Shotgun pleadings are deficiently pled [under Fed. R. Civ. P. 8(a)(2)[1] and/or 10(b)[2]] and highly disfavored in the Eleventh Circuit." *Michaels v. American Express Company*, 2018 WL 11350653, at *1 (S.D. Fla. 2018).

---

[1] Under Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief.

[2] Under Fed. R. Civ. P. 10(b), "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

### A. The Complaint Seeks to Improperly Impose Heightened Duties of Care and Breaches Thereof on Defendant.

The Eleventh Circuit has stated that, "the federal maritime law in this circuit is clear that the owner of a vessel in navigable waters owes passengers a duty of reasonable care under the circumstances." *Kressly v. Oceania Cruises, Inc.*, 718 F. App'x 870, 872–73 (11th Cir. 2017) (citing *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1279 (11th Cir. 2015)).

In the Complaint, Plaintiffs allege both a duty of reasonable care, (ECF No. 1), ¶¶ 13, 27, 35, 36, 44, 58, 66, 67, and an improper heightened duty of care, *Id.* at ¶¶15a-d, 22, 23, 26, 38, 46e-h, 54, 57, 58, 69. Plaintiffs improperly seek to impose heightened duties of care on Carnival by alleging that Carnival, "as the owner and operator of the subject vessel … owed a heightened duty of care to its passengers including the Plaintiffs…" (ECF No. 1), ¶¶15, 46. Moreover, various allegations similarly reference duties beyond a reasonable duty of care under the circumstances, *Id.* at ¶¶22, 23, 26, 38, 54, 57, 58, 69, and breaches based on impermissible, heightened duties of care. *Id.* at ¶¶ 28a-g, 37a-I, 59h-n, 68a-i. Among the alleged breaches of duty are violation of various inland navigation rules (ECF No. 1), ¶¶28a-c; 37a-c; failing to have sufficient crew, *Id.* at ¶¶28d; 37d; failing to take into account weather, *Id.* at ¶¶28e; 37f, 59l, 68f; failing to consider if vessel was sufficiently crewed, *Id.* at ¶¶28f; 37f, 59m, 68g; and failing to maintain control of vessel, *Id.* at ¶¶28g; 37g. However, the Complaint contains no allegations regarding the weather conditions or the number of crew aboard the tender vessel at the time of the incident or how any of these circumstances factored into the incident or their injuries.

Because many of the alleged duties and breaches are inconsistent, incorrect, and unsupported by the alleged facts, they are insufficient to state a claim for negligence under maritime law and require dismissal of Plaintiffs' Complaint. *See Brown v. Carnival Corp., et al.*, 202 F. Supp. 3d 1332, 1338 (S.D. Fla. 2016) (finding that allegation that Carnival owed a duty

of reasonable care while also pleading breaches of a heightened duty of care were not sufficient to state a negligence claim); *Murphy v. Carnival Corp.*, 426 F. Supp. 3d 1311, 1316 (S.D. Fla. 2019) (dismissing count where allegations were not supported by the recitation of facts); *see Royal Caribbean Cruises, Ltd. v. Jackson*, 921 F. Supp. 2d 1366, 1372 (S.D. Fla. 2013) (dismissing complaint for failure to allege adequate facts to support the alleged breaches of duty); *Wilson v. NCL Bahamas, Ltd.*, No. 18-25203-CIV-GOODMAN, 2019 WL 2106470, at *5 (S.D. Fla. May 14, 2019) (dismissing amended complaint upon finding that, "Regardless of whether the inconsistent and incorrect heightened-duty theory is officially an impermissible "shotgun pleading" or a garden-variety pleading flaw that does not meet the four categories of improper shotgun pleadings, the key point is that it is legally incorrect, inconsistent, and inherently confusing.").

The case of *Wilson v. NCL Bahamas, Ltd.*, is instructive. In *Wilson*, Judge Goodman noted that, throughout the amended complaint, the plaintiff alleged "undisputably inconsistent" duties of care by alleging both a duty of reasonable care under the circumstances and a heightened degree of care for marine-related conditions. 2019 WL 2106470 at *3. While acknowledging that the scenario did not fit squarely into one of the *Wieland* categories, the court stated that,

> Regardless of whether the inconsistent and incorrect heightened-duty theory is officially an impermissible "shotgun pleading" or a garden-variety pleading flaw that does not meet the four categories of improper shotgun pleadings, the key point is that it is legally incorrect, inconsistent, and inherently confusing. Therefore, the amended complaint must be dismissed ….

*Id*. at *5.

Here, too, Plaintiffs allege inconsistent and incorrect duties of care thus causing confusion and warranting dismissal.

Further, Plaintiffs allege that, where there is an allision, as here, "the law provides that there is a rebuttable presumption of negligence against [the] Captain…." (ECF No. 1), ¶¶ 30, 34, 40, 71, and "under applicable law the operator of the shuttled [*sic*] is presumed to have been negligent and at fault for causing the incident." *Id.* at ¶¶ 25, 56. To the extent that Plaintiffs attempt to plead a negligence *per se* claim, these allegations are insufficient. *See Doe by & through A.W. v. Hernando Cnty. Sch. Dist.*, No. 8:23-CV-1772-CEH-AAS, 2024 WL 3953093, at *10 (M.D. Fla. Aug. 26, 2024) ("Under the theory of negligence *per se*, the violation of a statute establishes the breach element of a negligence cause of action.") (citation omitted). "The elements of negligence *per se* are: (1) violation of a regulation; (2) causing the type of harm that the regulation was intended to prevent; and (3) injury to a member of the class of persons intended to be protected by the regulation." *Exum v. Nat'l Tire & Battery*, 437 F. Supp. 3d 1141, 1158 (S.D. Fla. 2020) (quoting *Lemma Ins. (Europe) Co., Ltd. v. Rumrunner Sport Fishing Charters, Inc.*, No. 11-cv-2110, 2012 WL 254134, at *2 (M.D. Fla. Jan 27, 2012)). Plaintiffs do not allege what rebuttable presumption they reference, what applicable law or regulation was violated, whether they suffered the type of harm such law was intended to prevent, or whether they were members of a class of persons intended to be protected thereby. Accordingly, to the extent that a negligence per se claims are raised in the Complaint, they should be dismissed. *See Miles v. Carnival Corp.*, 767 F. Supp. 3d 1368, 1376 (S.D. Fla. 2025) (dismissing negligence *per se* claim for failure to plead all elements).

### B. The Complaint Fails to Sufficiently Allege Notice.

To the extent that the Complaint alleges the proper duty of care, it still "requires, as a prerequisite to imposing liability, that the carrier have actual or constructive notice of the risk-creating condition." *Thompson v. Carnival Corp.*, 174 F.Supp.3d 1327, 1340 (S.D. Fla. 2016)

(quoting *Keefe,* 867 F.2d at 1322). That is because a ship owner is not an insurer of a passenger's safety and cannot be held liable simply because an injury was sustained by a passenger. *Kornberg*, 741 F.2d R 1334; *Keefe*, 867 F.2d at 1322; *Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 n.3 (11th Cir. 1990) ("[T]he vessel owner is not liable to passengers as an insurer, but only for its negligence. The purpose behind the notice requirement is that the shipowner should not be made the insurers of passenger safety.") (internal citations omitted)); and *Luby v. Carnival Cruise Lines, Inc.*, 633 F.Supp.40, 41 n.1 (S.D. Fla. 1986) ("Merely because an accident occurs, a carrier does not become liable to a passenger.").

"Actual notice exists when the defendant knows about the dangerous condition, and constructive notice exists where the shipowner ought to have known of the peril to its passengers." *Newbauer v. Carnival Corp.*, 26 F.4th 931, 935 (11th Cir. 2022) (internal quotations omitted). Constructive notice can be established "with evidence that the defective condition existed for a sufficient period of time to invite corrective measures," or "with evidence of substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior accident." *Id*. (internal quotations omitted). Failure to plead factual allegations supporting that the cruise line had notice of the alleged danger raises no more than a "mere possibility of misconduct" that is insufficient to withstand a motion to dismiss. *Moseley v. Carnival Corp.*, 593 F. App'x 890, 893 (11th Cir. 2014); *see Iqbal*, 129 S. Ct. at 1950 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."); *see Navarro v. Carnival Corp.*, No. 19-cv-21072, 2020 WL 1307185, at *3 (S.D. Fla. Mar. 19, 2020) ("[A]side from the conclusory allegation that Carnival 'was or should have been aware' of the risk creating condition—there are no factual allegations supporting conclusion that Carnival knew of this risk creating condition....").

A review of the Complaint reveals various scattered and intertwined notice allegations that make it difficult to determine the nature of the alleged hazardous conditions. In Counts I and III, Plaintiffs alleged that Defendant had constructive notice of the foreseeable risk of vessel crashes, (ECF No. 1), ¶¶18, 49, and actual notice of mechanical deficiencies and operational hazards. *Id.* at ¶¶19, 50. Within the allegations of constructive notice, Plaintiffs allege that Defendant had actual notice of the danger of alluding with moored ships while transporting passengers. *Id.* at ¶¶18b, 49b. Within the allegations of actual notice, Plaintiffs allege that the mechanical deficiencies were "within the Defendant's control for a substantial amount of time prior to the incident, which was sufficient for Defendant to be aware of the presence…." *Id.* at ¶¶19a, 50a. Further, Plaintiffs include notice allegations in the two vicarious liability counts. *Id.* at 38, 69. Such inconsistencies cause confusion as to the nature of the causes of action.

Moreover, Plaintiffs improperly base various notice allegations on a theory of general foreseeability which has been rejected by courts in this Circuit. (ECF No. 1), ¶¶18c, 18d, 19b, 38, 49c, 49d; *see, e.g., Taiariol v. MSC Crociere S.A.*, 677 F. App'x 599, 601–02 (11th Cir. 2017) (holding that generic "watch your step" sticker on the step did not "raise an issue of fact as to whether the defendant had notice of the nosing's slippery condition"); *Weiner v. Carnival Cruise Lines*, No. 11-CV-22516, 2012 WL 5199604, at *4 (S.D. Fla. Oct. 22, 2012) (stating that "Weiner cannot avoid summary judgment on some generalized theory of foreseeability that is divorced from the particular events in question") (citing *Bencomo v. Costa Crociere, S.P.A. Co.*, Case No. 10–cv–62437–WPD, ECF No. 18 at 4–5 (S.D. Fla. Nov. 14, 2011) ("an argument that wet decks occurred regularly and thus were 'foreseeable' is not sufficient to create constructive notice"), *aff'd* 476 F. App'x 232, 232–33 (11th Cir. 2012); *Stewart–Patterson v. Celebrity Cruises, Inc.*, No. 12-20902-CIV, 2012 WL 2979032, at *3 (S.D. Fla. July 20, 2012) (stating that "maritime

law does not support a stand-alone claim based on" cruise line's alleged duty to take actions to reduce or eliminate foreseeable risks before they manifest, where such claim is "unconnected to [passenger's] specific accident")).

Plaintiffs alleged that Carnival knew or should have known known of mechanical engine deficiencies affecting the shuttle boat. (ECF No. 1), ¶¶18c-d, 19a-b, 28 [3] [p. 8], 38, 49c-d, 32 [p. 17], 69. Plaintiffs also allege that "[t]he mechanical issues and deficiencies were apparent and within the Defendant's control for a substantial amount of time prior to the incident, which was sufficient for Defendant to be aware of the presence of such dangerous conditions while the ship was underway." (ECF No. 1), ¶19(a), ¶50(a). However, Plaintiffs' Complaint is devoid of specific allegations establishing that Carnival had actual or constructive notice of any allegedly dangerous condition relating to the mechanical engine. Instead, Plaintiffs rely solely on conclusory assertions and speculation, which courts have repeatedly deemed insufficient to allege notice. *See Thompson*, 174 F. Supp. 3d at 1341 (rejecting broad allegations that Carnival knew of the dangerous conditions and did not correct it and that the condition existed long enough that Carnival should have learned of it and corrected it); *see Patton v. Carnival Corp.*, No. 22-21158-CIV, 2022 WL 7536256, at *2 (S.D. Fla. Oct. 13, 2022) (dismissing claim for failure to establish notice premised upon undated photographs, common sense, and generalized concerns); *Bustamante v. Celebrity Cruises, Ltd.*, No. 1:22-CV-20330-JLK, 2022 WL 16727079, at *2 (S.D. Fla. Nov. 2, 2022) (dismissing claim due to vague and conclusory allegations regarding notice premised upon prior incidents).

In support, Plaintiffs' Complaint states generally, "[i]n the years preceding the date of the subject incident there had occurred a number of prior incidents involving Defendant's transport

---

[3] Plaintiffs misnumbered the paragraphs in their Complaint. As a result, there are several paragraphs referenced by repeating numbers. Accordingly, references include page numbers.

vessels crashing during passenger embarking, disembarking or maneuvering operations." (ECF No. 1). Plaintiffs fail to plead any facts regarding these alleged incidents, such as the cause of the injury, the timing, or similarity to the present case. Recently, in *Kendall v. Carnival Corp.*, Case No. 1:23-cv-22921-KMM, 2023 WL 8593669, at *4 (S.D. Fla. Dec. 8, 2023), the court dismissed a complaint for failure to allege facts linking prior incidents to the specific area or vessel of the plaintiff's incident. *See Polanco v. Carnival Corp.*, No. 10-21716-CIV, 2010 WL 11575228, at *3 (S.D. Fla. Aug. 11, 2010) (finding prior incidents insufficient to establish notice where plaintiff failed to provide details regarding their circumstances). The general incidents referenced in Plaintiffs' Complaint do not present conditions that are substantially similar to the alleged incident. Accordingly, Plaintiffs' Complaint fails to allege any facts tending to show that Defendant had actual or constructive notice of the risk-creating condition that allegedly caused their claimed injuries through prior incidents. *See Holland v. Carnival Corp.*, 50 F.4th 1088, 1096 (11th Cir. 2022) (holding that conclusory allegations of prior slip and falls on the same staircase were insufficient as there were no allegations concerning a substantially similar incident); *see Polanco*, 2010 WL 11575228, at *3 (alleged prior incidents were insufficient to establish notice because, "[t]here are also no details about similar past incidents that Carnival allegedly failed to investigate. What were the incidents? Who were the drivers of the motor vehicles of the other incidents? How did Carnival learn of the incidents? The complaint is bereft of information on these material issues."); *see Peavy v. Carnival Corp.*, No. 23-cv-20042-BLOOM/Otazo-Reyes, 2023 WL 3454921, at *5 (S.D. Fla. 2023) ("[T]he conclusory allegation of prior incidents while disembarking from a water taxi to the cruise ship and vice versa are not specific and fail to state how those incidents place [the cruise line] on notice."); *see Donaldson v. Carnival Corp.*, No. 20-23258-CIV, 2020 WL 6801883, at *2 (S.D. Fla. Nov. 19, 2020) ("Plaintiff cannot simply state that

the Defendant has been negligent and advance boilerplate allegations supporting its negligence claims where those claims are devoid of any *facts*."); *see Segarra v. Carnival Corp.*, 1:21-cv-23661-JEM, [D.E. 18 at 7], (S.D. Fla. Sep. 06, 2022) (Martinez, J.) ("The Complaint is devoid of allegations regarding how the prior incidents relate to what happened in this case and how those incidents put Carnival on notice of the risk-creating condition."). Accordingly, Plaintiffs' allegations as to actual and constructive notice are insufficient as a matter of law to establish that Carnival had notice of the specific hazardous condition alleged in the present case.

Plaintiffs also allege in a conclusory fashion that Carnival knew or should have known of the risk-creating condition based on its "operational safety protocols." (ECF No. 1), ¶¶18(d), 49(d). However, Plaintiffs fail to state what specific protocols Carnival allegedly violated, how they were allegedly violated, when Defendant violated these standards, and how the standards relate to notice of the subject risk-creating condition alleged in this case. The Complaint fails to explain how Defendant's unspecified protocols would provide notice regarding mechanical failures. *See Hagle v. Royal Caribbean Cruises Ltd.*, No. 22-23186-CV, 2023 WL 3571292, at *8 (S.D. Fla. May 2, 2023), *report and recommendation adopted,* No. 22-23186-CV, 2023 WL 3568130 (S.D. Fla. May 19, 2023) (finding that reference to Broward County's internal policies and procedures or industry standards did not support an inference regarding a specific employee's lack of competency). As such, these allegations likewise fail to plausibly plead notice. *See Holland v Carnival Corp.*, No. 20-21789-CIV, 2021 WL 86877, at *3 (S.D. Fla. Jan. 11, 2021), *aff'd,* 50 F.4th 1088 (11th Cir. 2022) (finding allegation that "defendant's staircase had to comply with certain safety regulations and those regulations 'in and of themselves constitute constructive notice that conditions in violation of the standards are hazardous'" insufficient to properly plead notice and withstand motion to dismiss).

As far as Plaintiffs allege that Defendant has notice premised on their creation of the alleged hazardous condition, the fact that Defendant operates the ship is insufficient because constructive notice of a risk cannot be imputed merely because a shipowner "created or maintained" the premises. *Everett*, 912 F.2d at 1358–59.

As Plaintiffs' notice allegations are insufficient to establish that Defendant had notice of the allegedly dangerous condition that caused the incident, Plaintiffs have failed to adequately plead a claim for negligence and Counts I and III of Plaintiffs' Complaint should be dismissed.

**IV.    Counts II and IV of Plaintiffs' Complaint Must be Dismiss for Failure to State a Cause of Action for Vicarious Liability and as a Shotgun Pleading.**

Counts II and IV of Plaintiffs' Complaint should be dismissed as they fall into the third type of impermissible shotgun pleading under *Weiland*, which commits the sin of not separating into a different count each cause of action or claim for relief, warranting dismissal. *Weiland*, 792 F.3d at 1322–23; *see Finch v. Carnival Corp.,* 701 F. Supp. 3d 1272, at *1283 (S.D. Fla. 2023) (dismissing multiple counts for improperly commingling multiple causes of action within one count); *Reed v. Royal Caribbean Cruises, Ltd.*, No. 19-24668-CIV, 2021 WL 2592914 , at *8 (S.D. Fla. Apr. 23, 2021) (dismissing Amended Complaint for improperly commingling multiple causes of action within one count); *Gayou v. Celebrity Cruises, Inc.,* No. 11–23359–Civ, 2012 WL 2049431, at *5-6 & n.2 (S.D. Fla. June 5, 2012) (ordering plaintiff to amend complaint to "separately allege an independent count" for various theories of liability that were lumped into a single maritime negligence claim)).

In Counts II and IV, Plaintiffs commingle three distinct theories upon which vicarious liability can potentially arise—agency, apparent agency, and joint venture. "[A]ctual agency and apparent agency are distinct theories of liability." *Franza v. Royal Caribbean Cruises, Ltd.*, 772

F.3d 1225, 1249 (11th Cir. 2014). "[A]n [actual] agency relationship requires: '(1) the principal to acknowledge that the agent will act for it; (2) the agent to manifest an acceptance of the undertaking; and (3) control by the principal over the actions of the agent.'" *Id.* (*citing Whetstone Candy Co. v. Kraft Foods, Inc.*, 351 F.3d 1067, 1077 (11th Cir.2003)). "Unlike actual agency, the doctrine of apparent agency allows a plaintiff to sue a principal for the misconduct of an independent contractor who only reasonably appeared to be an agent of the principal." *Id.* "Under federal maritime law, a defendant can be held vicariously liable through the doctrine of apparent agency." *Twyman v. Carnival Corp.*, 410 F. Supp. 3d 1311, 1323 (S.D. Fla. 2019). "Apparent agency will be established when: 1) the alleged principal makes some sort of manifestation causing a third party to believe that the alleged agent had authority to act for the benefit of the principal, 2) that such belief was reasonable and 3) that the claimant reasonably acted on such belief to his detriment." *Doonan v. Carnival Corp.*, 404 F. Supp. 2d 1367, 1371 (S.D. Fla. 2005). "In Florida, agency by estoppel is nearly the same as apparent agency. The Eleventh Circuit does not even consider the two separately." *Belik v. Carlson Travel Group, Inc.*, 864 F. Supp. 2d 1302, 1312 (S.D. Fla. 2011). Further, to assert a joint venture theory of liability, a plaintiff must allege the following elements: "(1) a community of interest in the performance of a common purpose; (2) joint control or right of control; (3) a joint proprietary interest in the subject matter; (4) a right to share in the profits; and (5) a duty to share in any losses which may be sustained." *Fojtasek v. NCL (Bahamas) Ltd.*, 613 F.Supp.2d 1351, 1357 (S.D. Fla. 2009).

Because the Complaint fails to allege any facts supporting any of the underlying causes of action upon which they rely for the claims of vicarious liability, Defendant is left without even a hint of the grounds upon which this claim is based. For example, Plaintiffs conclude that Defendant is vicariously liable for the actions of the Captain, though it is unclear whether they mean the

Captain of the cruise ship or the Captain of the tender vessel, without identifying a legal basis or providing supporting allegations. While Plaintiffs state that the tender Captain "at all times was acting in the course and scope of his employment or agency with [Carnival]," mere conclusions will not suffice to support a claim. *See Iqbal*, 129 S. Ct., at 1949; (ECF No. 1), ¶¶ 31, 62. Plaintiffs entirely fail to allege any of the necessary elements to establish a claim for any of the three avenues—agency, apparent agency, or joint venture—through which vicarious liability arises. Accordingly, Counts II and IV should be dismissed.

## Conclusion

Based on the foregoing, because the Complaint fails to properly assert causes of action for negligence and vicarious liability and is an improper shotgun pleading, it must be dismissed.

WHEREFORE, Defendant requests that this Honorable Court GRANT Defendant's Motion and Dismiss Plaintiffs' Complaint and grant such other relief as this Court deems appropriate.

Dated: February 11, 2026
Miami, Florida

        Respectfully submitted,
        **FOREMAN FRIEDMAN, P.A.**

BY: */s/ Victoria M. Atencio*
     Darren W. Friedman, Esq. (FBN 0146765)
     dfriedman@fflegal.com
     Lizbeth Michel-Escandell, Esq. (FBN 181994)
     Lmichel-escandell@fflegal.com
     Victoria M. Atencio, Esq. (FBN 1057981)
     vatencio@fflegal.com
     One Biscayne Tower, Suite 2200
     2 South Biscayne Boulevard
     Miami, FL  33131
     Tel: 305-358-6555/Fax: 305-374-9077
     *Counsel for Defendants*

## CERTIFICATE OF SERVICE

      WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on February 11, 2026. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

By:/s/ *Victoria M. Atencio*
Victoria M. Atencio, Esq.

## SERVICE LIST

| Raymond R. Dieppa, Esq.<br>Ray.dieppa@floridalegal.law<br>FLORIDA LEGAL, LLC<br>150 se 2nd Avenue-Suite 1001<br>Miami, Florida 33131<br>Tel: 305-901-2209 / Fax: 786-870-4030<br>Counsel for Plaintiff | Darren W. Friedman, Esq.<br>dfriedman@fflegal.com<br>sargy@fflegal.com<br>lvargas@fflegal.com<br>Lizbeth Michel-Escandell, Esq.<br>Lmichel-escandell@fflegal.com<br>Victoria M. Atencio, Esq.<br>vatencio@fflegal.com<br>FOREMAN FRIEDMAN, PA<br>One Biscayne Tower – Suite #2630<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>Tel: 305-358-6555/ Fax: 305-374-9077<br>Counsel for Defendant |
|---|---|